UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 14-1992 (RCL) |
| v. | ) ) ) | |
| FEDERAL CROP INSURANCE CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

In its motion to amend the complaint, plaintiff, American Agri-Business Insurance Company ("AABI"), claims that by adding "explicit" or "talismanic" "APA-words" to its complaint, the Court should overlook its previous judgment on the pleadings and allow AABI to proceed with essentially the same complaint that the Court just dismissed.  AABI suggests that it all along intended to bring an APA action in its complaint, and that by adding "explicit APA-words," all its deficiencies should be cured and AABI should be allowed to proceed with its action.  Mot. at 3.

AABI trivializes the facts.  AABI neglects to mention that it informed the Court, in no uncertain terms, that it was eschewing an APA challenge in its complaint.  In one of its first filings in this action, AABI stated that the "Complaint by its terms seeks relief that is independent of the request for review of agency action and that was jurisdictionally precluded in the administrative proceeding before the CBCA," making clear that it was not bringing an APA challenge. ECF No. 14 at 1.  True to its position, when defendants suggested that AABI's

challenge might more appropriately be fashioned as an APA challenge, AABI characterized that observation as arising "from a false premise," flatly rejecting any implication that it should seek relief under the APA. *Id*. Based on AABI's representations, we acknowledged to the Court that the plaintiffs had elected not to file a complaint under the APA even though they might have done so. This Court then evaluated the complaint on its own and rightly observed that "[t]he complaint never mentions a challenge under the APA," let alone uses language indicative of an APA challenge. Mem. Op. (ECF No. 43) at 4. Based on these facts, this Court concluded that "the plaintiffs are not bringing an APA challenge," and ultimately rendered judgment in defendants' favor. *Id*.

Now, faced with the fallout of its choice, AABI seeks to undo a year of litigation, after subjecting the parties and the Court to full briefing on the merits, so that it can bring its case under the very same legal theory it assured the Court it was not pursuing.

AABI's attempt must fail for two reasons. *First*, in dismissing the complaint, the Court issued a final decision that precludes AABI from amending the complaint unless it first seeks to vacate the judgment under Rule 59(e). But AABI was required to request amendment of the judgment within 28 days after entry of judgment (*i.e.*, by October 18, 2016 – that is, 28 days after the Court issued its decision on September 20, 2016), which AABI failed to do. AABI therefore is precluded by the Rules from amending its complaint.

*Second*, even assuming AABI's motion were not procedurally barred, it does not meet the requirements of Rule 15(a). AABI cannot use amendment of the complaint belatedly to assert a legal theory that it so plainly disavowed. To permit such gamesmanship would only incent using motions practice as a never-ending series of trial balloons to see what theories a Court is receptive to, and would inhibit bringing litigation to an orderly close after judgment.

2

**ARGUMENT**

**I.      Legal Standards and Background**

As applicable here, under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint as of right within 21 days "after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). In this suit, defendants answered the Complaint on March 20, 2015, *see* ECF No. 10, and thus the time to amend as a matter of course expired on April 10, 2015. Thereafter, "a party may amend its [complaint] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," leave to amend is not always appropriate. *Id.* "In deciding whether to grant leave to file an amended complaint, the court may consider 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Moreover, the procedure to amend a complaint becomes more complicated once a court has entered judgment dismissing a complaint. "Once [a] District Court grant[s] [a] motion[] to dismiss, a [defendant can] amend the complaint 'only by leave of court or by written consent of the adverse party,' coupled with a motion under Rule 59(e) to alter or amend the judgment." *Confederate Memorial Ass'n v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (internal citation omitted); *see also Firestone*, 76 F.3d at 1208 ("After the district court dismissed the complaint with prejudice, Russell III and Myrna could amend their complaint only by filing, as they properly did, a 59(e) motion to alter or amend a judgment combined with a Rule 15(a) motion requesting leave of court to amend their complaint.").

3

Importantly, "Rule 59(e) motions are aimed at reconsideration, not initial consideration." *District of Columbia v. Doe*, 611 F.3d 888, 896 (D.C. Cir. 2010) (citation and internal quotation marks omitted). Thus, courts deem waived arguments that could have been advanced in response to a motion to dismiss, but which a party elected not to. *See GSS Group Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012) (a "'Rule 59(e) motion may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment'" (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). Rule 59(e) motions are "disfavored" and the movant bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Such motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (internal quotation marks omitted).

## II. AABI Is Procedurally Barred From Seeking Amendment Of Its Complaint

### A. The Court's Dismissal Of The Complaint Was A Final Decision That Constitutes Final Judgment

As this Court observed in *Johnson v. District of Columbia*, "final judgment . . . in most cases is plain enough." 244 F.R.D. 1, 5 (D.D.C. 2007) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974)). "Generally a final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Id.* (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945) (internal brackets and quotation marks omitted)). In determining whether a decision is final, the Court examines whether the dismissal applied to a complaint or the action. *Id.* (citing *Ciralsky v. C.I.A.*, 355 F.3d 661, 666-68 (D.C. Cir. 2004)). "While an

order dismissing an action is final, finality of an order dismissing a complaint depends on the trial judge's expressed intent." *Id.* (citing *Ciralsky*, 355 F.3d at 668).

Here, the facts demonstrate that the Court intended for its dismissal of the complaint to be a final decision. As the Court is aware, after both parties had filed their pleadings and made clear their respective positions in this litigation, defendants moved for *judgment* on the pleadings pursuant to Rule 12(c) and additionally for summary *judgment* under Rule 56. A "judgment" includes "any order from which an appeal lies," Fed. R. Civ. P. 54(a), and appeals may rise from "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Consistent with the posture of defendants' motion and taking into account the parties' respective positions, the Court rendered judgment in defendants' favor, which constitutes a final appealable decision. *See* ECF No. 44 (Order) ("Before the Court is defendant[s'] . . . Motion for Judgment on the Pleadings and Summary Judgment. . . . [T]he Court **GRANTS** defendant's Motion for the reasons set forth in the accompanying Memorandum Opinion issued on this date. The complaint is hereby **DISMISSED**.").

This understanding of the Court's decision comports with the Rules. Rule 41(b) provides that a dismissal under Rule 12(c) "operates as an adjudication on the merits." *See Johnson*, 244 F.R.D. at 5 (D.D.C. 2007) (referring to Rule 12(b)(6) dismissals specifically, but the same language in Rule 41(b) applies as well to Rule 12(c) motions). In *Semtek International Inc. v. Lockheed Martin Corp.*, the Supreme Court clarified the meaning of the term "adjudication on the merits" as recited in Rule 41(b) by explaining that Rule 41 "makes clear that 'an adjudication on the merits' is the opposite of a 'dismissal without prejudice.'" 531 U.S. 497, 505 (2001). In other words, because an order granting a Rule 12(c) (or a Rule 56) motion "operates as an adjudication on the merits," it also amounts to a dismissal of a complaint with prejudice. *See*

5

*Okusami v. Psychiatric Institute of Washington, Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992) (Rule 12(b)(6) dismissal for failure to state a claim "is a resolution on the merits and is ordinarily prejudicial"); *Jones v. Horne*, 634 F.3d 588, 603 (D.C. Cir. 2011) (holding that *Semtek* establishes the "'default rule for determining a dismissal's import,' *Semtek*, 531 U.S. at 498, whereby an involuntary dismissal pursuant to Rule 41(b) is with prejudice unless otherwise indicated in the dismissal order"); *accord McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice.") (*inter alia* citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'")); *see also Bowman v. District of Columbia*, 562 F. Supp. 2d 30, 32 (D.D.C. 2008) (the "same standard applies to motions made under either" Rule 12(b)(6) or Rule 12(c), such that "any distinction between them is merely semantic") (citation and internal quotation marks omitted).

Moreover, dismissal of a complaint with prejudice constitutes a final appealable decision or judgment. *See Ciralsky*, 355 F.3d at 666 ("dismissal with prejudice of either a complaint or an action is final and appealable."). Thus, when the Court granted defendants' motion for judgment on the pleadings and for summary judgment, it evinced an intent to dismiss plaintiffs' complaint with prejudice, which renders the Court's decision final.

AABI does not offer any countervailing facts. In fact, AABI fails to recite any of the relevant law regarding when parties are permitted to request leave to amend after the Court dismisses a complaint. Instead, AABI states that leave should be granted in this case because the only purported deficiency in its complaint was that it "lacked APA-words." ECF No. 45 at 4.

That misses the point. AABI assured the Court that it was not bringing an APA action as part of its complaint, while asserting that any claim to the contrary arose "from a false premise." ECF No. 14 at 1. Based on AABI's assurances, and its own review of the pleadings, the Court rendered a decision on the seven articulated counts in the complaint while specifically concluding that "the plaintiffs are not bringing an APA challenge[.]" Mem. Op. (ECF No. 43) at 4. The Court did more than dismiss the articulated claims and remain silent on whether a complaint could have been brought under the APA, leaving open the question of whether amendment would be proper. It observed that AABI had eschewed any claims brought under the APA, and then the Court proceeded to grant defendants' motion for judgment on the pleadings and for summary judgment. The question was not left open, and indeed AABI's attempted about-face after its prior disavowal of such claims is both improper and contrary to principles of judicial efficiency. The Court properly credited AABI's representations about what claims it was bringing and then rendered a final decision on that basis.

### B. AABI Was Required To File A Motion To Set Aside The Judgment Under Rule 59(e), Which It Failed Timely To Do

Because the Court's dismissal of the complaint amounted to a final appealable decision, before leave to amend could be granted, AABI was required first to file a motion to amend the judgment pursuant to Rule 59(e) within 28 days of the Court's September 20, 2016 Order and Memorandum Opinion. *See Derrington-Bey v. D.C. Dep't of Corr.*, 39 F.3d 1224, 1225 (D.C. Cir. 1994) ("District courts do not have even the customary discretion given by Fed. R. Civ. P. 6(b) to enlarge the Rule 59(e) period."). AABI failed to do that, and it is now time-barred from filing a motion to set aside the judgment.[1]

---

[1] Moreover, plaintiff has not established "excusable neglect," *see Smith v. District of Columbia*, 430 F.3d 450, 456-57 & n.5 (D.C. Cir. 2005), a standard which in any event does not apply here given the exclusion of Rule 59(e) motions from Rule 6(b), *see Derrington-Bey*, 39 F.3d at 1225.

Even were the Court generously to construe AABI's motion for leave to amend as a reconsideration motion, notwithstanding its failure to attempt to make the required showings, AABI could not secure its desired relief in this forum.  AABI's motion was not filed until November 1, 2016, *see* ECF No. 45, and thus it cannot be a Rule 59(e) motion because the motion came fully two weeks after the applicable Rule 59(e) October 18, 2016 deadline, which cannot be extended.  And instead deeming AABI's motion to be one seeking relief under Rule 60(b) motion is likewise not an option because in this posture Circuit precedent establishes that *only* a Rule 59(e) motion will permit amendment of an otherwise-final judgment.  *See Firestone*, 76 F.3d at 1208 (following dismissal with prejudice, a plaintiff "could amend their complaint *only* by filing" a timely Rule 59(e) motion (emphasis added)); *accord Ciralsky*, 355 F.3d at 673 ("once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first satisfies Rule 59(e)'s more stringent standard' for setting aside that judgment" (citation omitted)).  Accordingly, AABI's motion seeking leave to amend the complaint is untimely and fails to make the associated required showings of "extraordinary circumstances" warranting relief from a final judgment.  *Niedermeier*, 153 F. Supp. 2d at 28.  It thus should be denied.  To the extent AABI seeks to challenge this Court's final judgment, it now must timely do so before the Court of Appeals.

### III. Even Assuming *Arguendo* That AABI Was Not Required To Amend The Judgment Prior To Requesting Leave To Amend The Complaint, AABI's Proposed Amendments Do Not Satisfy The Requirements Of Rule 15(a)

Although leave to amend a complaint is freely given when justice requires, "'[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal.'"  *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 133 (D.D.C. 2013) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d

8

1196, 1206 (10th Cir. 2006) (citations and quotation marks omitted)). "When a plaintiff seeks leave to amend its complaint in 'an attempt to evade the effect of [the Court's] Memorandum Opinion and Order dismissing the plaintiff's claims against the moving defendants, the request will be denied.'" *Id.* (quoting *Kurtz v. United States*, No. 10-1270 (RWR), 2011 WL 2457923, at *1 n.1 (D.D.C. June 20, 2011)). Further, "[w]hen a plaintiff elects to oppose a motion to dismiss on the merits, the plaintiff assumes the risk that the court will grant the motion and the plaintiff's claims will be dismissed. A plaintiff is not entitled simply to have its proverbial cake and eat it too by first opposing a motion to dismiss on the merits (thereby forcing the court to resolve the motion to dismiss), and then, upon losing the motion, amend its complaint to correct the very deficiencies it refused to acknowledge previously." *Id.* at 19 n.11 (citing 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1488 (3d ed. 2013) (observing that "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent" and "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time")).

### A. AABI's Proposed Amendment Would Cause Undue Delay and Prejudice Defendants

Plaintiff admits that "the Proposed First Amended Complaint adds talismanic APA words, not new operative facts" (Mot. To Amend at 3) that were unknown to plaintiff or to the Court previously. Thus, AABI's motion for leave to file this pleading would merely serve to delay resolution of this litigation, including any appeal that may follow, and constitutes a transparent attempt to evade the finality of the Court's judgment. This type of dilatory tactic precludes allowance of amendment. *Firestone*, 76 F.3d at 1208; *see also Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977) ("When a plaintiff seeks to file an amended complaint this tardily, it is within the sound discretion of the district court, in consideration of the potential

prejudice to the other party and the interest in eventual resolution of litigation, to deny leave to amend."); *Heller v. District of Columbia*, 290 F.R.D. 1, 4 (D.D.C. 2013).

In *Heller*, the Court examined a request for leave to file a fourth amended complaint. 290 F.R.D. at 2. There, the plaintiffs had brought suit immediately after a favorable Supreme Court decision and then repeatedly amended their pleading to reflect new plaintiffs and new theories of liability. *See id.* at 1-2. After discovery, the plaintiffs sought to file another amended complaint and add new plaintiffs. *See id.* at 3. The defendant consented to amendment to cure mistakes, but objected to the addition of new plaintiffs. *See id.* The Court analyzed whether the proposed amendment would cause undue delay or unduly prejudice the government defendant, finding the two factors to be linked. *See id.* at 4 ("Because '[c]onsideration of whether delay is undue . . . should generally take into account the actions of other parties and the possibility of any resulting prejudice,' *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996), the significance of a delay depends on the prejudice it causes."). The Court held that the proposed amendment would cause undue delay and also unduly prejudice the defendant and accordingly denied it. *Id.*

First, the Court looked to the history of the proceedings and the resulting hardship on the opposing party if the amendment were allowed, noting the relevance of the "case's position along the litigation path." *Id.* The Court also noted that "nothing relevant has changed since the exhaustively litigated" prior pleadings. *Id.* Finally, noting the passage of time between the filing of plaintiffs' operative pleading and the proposed amended pleading and the limited discovery that had taken place, the court found that amendment would be prejudicial to the government and denied leave to add the new plaintiffs. *See id.* at 5.

Here, plaintiff filed its complaint nearly two years ago, and defendants answered on March 20, 2015. *See* ECF No. 1; ECF No. 10. At the latest by May 26, 2015 AABI was on

notice that it was "defendants' belief that this case is one for review of an administrative record, in which discovery typically is inappropriate. . . ." and that, in defendants' view, the insurer plaintiffs, in "declining expressly to plead an administrative cause of action, [] may be attempting to avoid application of principles of administrative deference that should apply here." Resp. To Mot. For Entry Of Scheduling Order (ECF No. 13) at 1-2. In reply, the plaintiffs suggested that it was a "false premise" to suggest that the action could be characterized as "one '. . . for review of an administrative record.'" Reply (ECF No. 14) at 1. Rather than seek leave to amend to add a claim under the APA, the plaintiffs sought and took advantage of any chance to challenge or test defendants' dispositive motion and to sidestep well-established principles of administrative deference. In fact, AABI and its co-plaintiffs argued vigorously in support of the propriety of their pleading throughout the past two years, and waited for the Court to invest its time and expertise into resolving the issues at hand. Plaintiff clearly made a tactical decision to eschew an APA claim in the hope of securing discovery, something not typical of cases involving administrative review by the courts, and of avoiding a deferential administrative law standard of review.

Thus, plaintiff's proposed amendment is even more egregious than the one deemed unacceptable in *Heller*. To allow AABI to now amend the complaint simply to overcome the Court's well-considered decision on the claims that AABI strategically chose to advance in this suit not only would cause undue delay, but would also be highly prejudicial to defendants. *See Nat'l Sec. Counselors*, 960 F. Supp. 2d at 133 ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal.").

Permitting the proposed amendment also might delay final resolution of the claims advanced by the numerous other insurer co-plaintiffs. Although AABI's motion asserts that the other insurers "are no longer pursuing this action against defendants," it also states that they are not parties to "this Motion to Amend the Complaint," and accordingly AABI's assertion cannot bind the other plaintiffs. *See* Mot. To Amend at 1 n.1. In all events, AABI's statement is unclear as to whether those other plaintiffs have disclaimed any right to appeal or to otherwise attempt to seek further relief from the Court's judgment. The instant attempt to breathe new life into this action in this forum for a single plaintiff – without a proper motion to amend the judgment and without an adequate justification for excusing the tardiness of the proposed amendment – especially coming after such substantial, protracted litigation, with hundreds of pages of briefing and statements of facts and the submission of nearly 20,000 pages of administrative record materials, is improper in countless ways. The adversarial process is designed to narrow the issues to be decided by the Court, not broaden them. AABI's motion should be denied.

### B. AABI Failed To Cure Deficiencies Despite Ample Opportunities To Do So

Moreover, AABI's motion should be denied because plaintiff failed to cure the defects in its prior pleading, despite being on notice of them. In *Howard v. Blank*, the Court examined the request by the plaintiffs to amend their complaint to attempt to salvage some claims. 891 F. Supp. 2d 95, 101-02 (D.D.C. 2012), *aff'd in pertinent part sub nom. Howard v. Pritzker*, 775 F.3d 430, 446 (D.C. Cir. 2015). The Court determined that the failure to request amendment earlier prevented it from granting the relief requested. *Id.* ("'[W]hen so much time has passed and where the movant has had abundant opportunity over the course of a half-dozen years to raise the issue, the district court's denial of the motion for leave to amend was fully warranted.'") (quoting *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir.

12

1987) and citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.")). The Court of Appeals affirmed in pertinent part, holding that leave to amend was properly denied because the plaintiffs had long known of the facts and legal theories that they belatedly sought to add and "'which would radically alter the scope and nature of this case.'" 775 F.3d at 446 (citation omitted). Other courts have similarly rejected attempts to amend complaints to "take account of [a] court's decision" after "us[ing] the court as a sounding board to discover holes in their arguments." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (internal quotation marks omitted); *accord Insulate SB, Inc. v. Advanced Finishing Sys.*, No. 13-2664, 2014 U.S. Dist. LEXIS 98582, at *8 (D. Minn. July 21, 2014) (rejecting attempt "to introduce new legal theories and arguments that could have been offered or raised prior to the entry of judgment").

  Here, plaintiff's proposed amendment, years after the filing of the original complaint, is similar to the belated effort to cure that the Court held counseled against allowing amendment in *Howard*. Plaintiff admits that there is no new information that was not available when the Complaint was filed – it is just advancing new buzzwords. Mot. to Amend at 3 (proposed amended complaint "adds talismanic APA words, not new operative facts"). Plaintiff notes that it summarily referenced the APA in its opposition brief, but as this Court held, a party may not amend its complaint through an opposition to a dispositive motion. Mem. Op. at 4. The time for plaintiff to recast its claims was long ago, before the Court and the parties spent countless hours grappling with the claims plaintiff strategically chose to advance even as it expressly disclaimed the one it now seeks to assert through the proposed amended complaint.

Finally, in all events, AABI's proposed amendments should be denied as futile because the amended complaint "could not withstand a motion to dismiss." *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 420 (D.D.C. 2010); *accord Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming denial of leave to amend, given "little chance" that plaintiff's claim would succeed); *Oladokun v. Corr. Treatment Facility*, 5 F. Supp. 3d 7, 13 (D.D.C. 2013) ("[I]n assessing an argument that an amendment would be futile, the court must assess the proposed amendments under the same standard as would be applied to a motion to dismiss."). As defendants previously showed in the alternative, under the APA's highly deferential standard of review, plaintiff's claims plainly fail. *E.g.*, Defs.' Rule 12(c) Mot. Reply (ECF No. 41) at 15-16. The Civilian Board of Contract Appeals' decision was neither arbitrary nor capricious, and was supported by substantial evidence. Thus, AABI's attempt to amend to add APA-based claims, based on the same facts previously considered by the Court, is futile. For the sake of brevity, defendants will not reiterate those showings here, but the evidence and argument previously advanced by defendants plainly show that AABI's claims would fail even had it properly pled APA claims *ab initio*. Thus, leave to amend should be denied for these reasons, as well.

## **CONCLUSION**

For the foregoing reasons, plaintiff American Agri-Business Insurance Company should not be allowed to file an amended complaint, and plaintiff's motion for leave to do so should be denied.

                              Respectfully submitted,

                              CHANNING D. PHILLIPS
                              D.C. BAR # 415793
                              United States Attorney

                              DANIEL F. VAN HORN
                              Chief, Civil Division
                              D.C. Bar # 924092

By:      /s/_____
                              PETER C. PFAFFENROTH, D.C. Bar # 496637
                              Assistant United States Attorneys
                              555 Fourth St., N.W.
                              Washington, D.C.  20530
                              Phone: (202) 252-2513
                              peter.pfaffenroth@usdoj.gov