UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ACE AMERICAN INSURANCE COMPANY et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FEDERAL CROP INSURANCE CORPORATION et al., )<br>)<br>Defendants. ) | Case No. 14-1992 (RCL) |

## MEMORANDUM OPINION AND ORDER

Plaintiff American Agri-Business Insurance Company (AABI) has moved to amend its complaint in this case pursuant to Federal Rule of Civil Procedure 15(a)(2), after this Court already ruled on a dispositive motion in the defendant's favor.

AABI underwrites crop insurance policies for farmers, as permitted through a standard reinsurance agreement with the Federal Crop Insurance Corporation (FCIC), a government-subsidized insurance provider operating under the administrative supervision of the Department of Agriculture. AABI, along with a dozen other plaintiffs,[1] sued the FCIC for altering certain calculated insurance premium rates during the time in which an earlier-negotiated standard reissuance agreement remained in effect.

Per the applicable regulations, AABI began pursuing administrative remedies by contesting the revised premium-setting methodology with the Deputy Administrator of Insurance

---

[1] The other original plaintiffs in this matter are not parties to the present motion. See [45] at *1, n.1.

Services of the Department of Agriculture's Risk Management Agency. 7 C.F.R. § 400.169. When unsuccessful, AABI properly appealed, again in accord with the relevant regulation, to the Civilian Board of Contract Appeals (hereinafter "the Board"). 7 C.F.R. § 400.169(d). Before the Board, AABI argued for relief on the following grounds: that the change in methodology violated 7 U.S.C. § 1508(k)(8), which limits renegotiation of financial terms and conditions in the standard agreement; breach of the duty of good faith and fair dealing; promissory estoppel; and reformation due to mutual mistake. The Board granted summary relief to FCIC.

AABI and its co-plaintiffs proceeded to file this action "seeking relief relating to claims that are outside the scope of [the Board's] jurisdiction as well as those appealed to [the Board]." [1] at *5. In the alternative, they sought to "bring an original action seeking relief relating to claims that are outside the scope of [the Board's] jurisdiction and . . . a declaration that the [Board's] Order is in error." In short, AABI's complaint pleaded several contract, equity, and statutory claims.[2] Despite its earlier compliance with federal regulations requiring them to seek administrative remedies, and its lack of success in pursuit of administrative resolution of its grievances, AABI and its co-plaintiffs never challenged the earlier outcomes under the Administrative Procedure Act (APA).

The FCIC filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure (FRCP) 12(c) or, in the alternative, summary judgment under FRCP 56. [19] After finding for FCIC on all claims, this Court granted FCIC's motion and dismissed the case. 209 F.Supp.3d 343 (D.D.C. 2016).

---

[2] Breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III); 7 U.S.C. § 1508(k)(8) (Count IV); 7 U.S.C. § 1508(k)(3) (Count V), reformation and rescission (Count VI); declaratory judgment (Count VII).

2

AABI now wishes to amend its complaint to allege violations of the APA as part of the original complaint's Counts I, IV, VI, and VII.[3] FCIC opposes, arguing "AABI cannot use amendment of the complaint belatedly to assert a legal theory that it so plainly disavowed" not only in its complaint but also in opposition to FCIC's successful dispositive motion in this Court. [46] at *2. AABI counters that "the [c]omplaint has always alleged [d]efendants violated the APA," [49] at *1, albeit without inclusion of the "few APA buzzwords" it now seeks to add. *Id.* at *4. Taking into account the arguments of the parties and the entire record in this matter, AABI's motion to amend is DENIED.

**Legal Standard**

Under the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within a prescribed period. *See* FED. R. CIV. P. 15(a)(1). After dismissal, however, a plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party [under Rule 15(a)(2)], *coupled with* a motion under Rule 59(e)" or Rule 60(b). *Confederate Memorial Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (emphasis added); *Epps v. Howes*, 573 F.Supp.2d 180, 186-87 (D.D.C. 2008) ("once a final judgment has been entered, an amendment to a complaint can only be granted after the requisites of Rule 59(e) or 60(b) have been satisfied") (quotations omitted). A court only need reach the Rule 15 motion "once the court has vacated the judgment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir. 1996) (per curiam). *See also Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) ("once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment.") (quoting *Firestone*, 76 F.3d at 1208).

---

[3] It would also seek to eliminate original Counts II, III, and V.

A motion under Rule 59(e) to alter or amend a judgment must be filed within 28 days of the judgement, FED. R. CIV. P. 59(e), and "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208).

Rule 60(b) motions for relief from a judgment may be filed "within a reasonable time," FED. R. CIV. P. 60(c), but must meet specific criteria to merit relief. If none of Rule 60(b)'s five specific grounds for relief are met, a movant may still obtain relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The Supreme Court has determined that relief under Rule 60(b)(6) requires "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); (quoting *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

## Discussion

The Court first notes that AABI bases its grounds for relief solely on Rule 15(a), without mentioning either Rule 59(e) or 60(b). The motion thus fails at the outset. Even if this Court were inclined to grant the Rule 15(a) motion, it is powerless to do so at this stage without first altering of vacating the earlier dismissal of the case. *See, e.g., Firestone*, 76 F.3d at 1208. The Court will nevertheless examine Rules 59(e) and 60(b) in the context of the present case.

### a. Federal Rules of Civil Procedure 59(e) and 60(b)

A Rule 59(e) motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the Court granted FCIC's motion on September 20, 2016. 209 F.Supp.3d 343. AABI did not file its Rule 15(a) motion until November

1, 2016 [45] – 43 days later. Even if the motion were timely, this Court need not have granted it absent "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines, Inc.*, 389 F.3d at 1296. None of those conditions apply here.

Furthermore, such motions ordinarily are not granted by the District Court "where they are used by a losing party to request the trial judge to reopen proceedings [to consider a new theory that] could have been raised during the original proceedings." *Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C.Cir. 1993) (quoting *Grumman Aircraft Engineering Corp. v. Renegotiation Board*, 482 F.2d 710, 711 (D.C.Cir.1973), *overruled on different grounds*, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975)). The same is true of Rule 60(b)(6),[4] which "should be only sparingly used and may not be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Salazar ex rel. Salazar v. D.C.*, 633 F.3d 1110, 1120 (D.C. Cir. 2011) (quoting *Kramer v. Gates*, 481 F.3d 788, 792 (D.C.Cir.2007)).

Here, plaintiffs went beyond failing to argue for relief under the APA, even in the alternative – they disclaimed such a challenge. *See* 209 F.Supp.3d at 347, 348, 351. The Court declines to speculate whether the long-time reluctance to invoke the APA constituted classical gamesmanship on the part of AABI itself, or if it is the result of AABI's being one of many co-plaintiffs whose desired positions might not have been fully reflected in the joint filings in the case up to this point. Regardless, this Court will not relieve AABI of a litigation decision that "hindsight seems to indicate . . . was probably wrong." *Ackermann*, 340 U.S. at 198; *Kramer*, 481 F.3d at 792 (noting that although a failure to request an appropriate remedy "may not have been strategic in the strictest sense of the term, it was clearly a litigation choice that turned out to be improvident

---

[4] It bears repeating that AABI has not argued for any of the other five possible bases for relief under Rule 60(b); indeed, none of those grounds could reasonably be said to apply here.

and one from which we cannot rescue the plaintiffs. The case law makes clear that Rule 60(b)(6) is not an opportunity for unsuccessful litigants to take a mulligan.") (quotations omitted).

Furthermore, nothing in this case approaches the "extraordinary circumstances" that the courts of this circuit have found to justify relief under that rule. *See, e.g., Kramer* at 793 (allowing Rule 60(b)(6) relief where government defendant attempted to condition its compliance with an earlier court order); *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (original judgment would have required payment of attorneys' fees "to what appeared to be the losing side in an action for fraud"); *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute*, 500 F.2d 808 (D.C. Cir. 1974) (district court's failure to follow standard procedures to notify parties of judgment); *Piper v. U.S. Dep't of Justice*, 374 F.Supp.2d 73 (D.D.C. 2005) (protecting the privacy and identities of confidential informants).

b. AABI's Rule 15(a) Motion

Since AABI cannot prevail under either Rule 59(e) or 60(b), its Rule 15(a) motion is moot. *Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004). AABI's reliance on *Building Industry Ass'n v. Norton*, 247 F.3d 1241 (D.C. Cir. 2001) for a contrary proposition is, to put it mildly, unavailing. The facts here fail to resemble in the slightest those of *Building Industry Ass'n*. In the former case, the plaintiff in an APA action moved to dismiss a claim on which it prevailed at the district court level to perfect appellate jurisdiction over the claims on which it had lost. *Id.* at 1244-45. To the contrary, here AABI is attempting to revive, in district court, claims it has already lost, simply by adding what it alternatively describes as "talismanic APA words" [45] at *3, and "buzzwords." [49] at *4. Whereas the *Building Industry Ass'n* plaintiffs used a "subtle" understanding of civil and appellate procedure to bring finality to the district court's judgment,

247 F.3d at 1244, the plaintiff in this case is doing just the opposite – it is trying to pry open a case that this Court dismissed and closed. Rule 15(a) is not intended to be used for such purposes.

**Conclusion**

For the foregoing reasons, AABI's Rule 15(a) motion is **DENIED**.

**SO ORDERED** this 6th day of June 2017

*Royce C. Lamberth*
ROYCE C. LAMBERTH
United States District Court